IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NIRMALA MOONSAWMY, *on behalf of herself and all others similarly situated*, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:23-cv-04198-LMM |
| JWS Acquisitions, LLC, | : : | |
| Defendant. | : : | |

## ORDER

This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's Class Action Complaint [9]. After due consideration, the Court enters the following Order.

**I.     BACKGROUND**

This is a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff claims that Defendant sent her multiple text messages asking if she was interested in selling her home, in violation of the TCPA's prohibitions on telephone solicitations.

In 2018, Plaintiff registered her cell phone number, which she uses as her personal residential telephone, on the National Do-Not-Call ("DNC") Registry. Dkt. No. [1] ¶¶ 11–12, 14. Beginning in 2022, Defendant sent at least six text messages to that number. Id. ¶ 15. The messages purported to be from "JWS

House Buyers" and asked whether Plaintiff was considering selling her house. Id. Three of the messages stated that Defendant could close on the transactions quickly. Id. For example, one message says, "Hello Samual, JWS House Buyers here. I'm reaching out to see if you have thought about selling 1548 Galewood Cir. I can close as soon as 2 weeks. Reply STOP for opt-out." Id. Another message reads,

> Hey Samual :) My name is Jonathan. I wanted to touch base with you about your house at 1548 Galewood Cir. I am a landlord here in Marietta with JWS House Buyers. I'm looking to pick up a couple more houses in town. Are you taking bids, by chance? Reply STOP for opt-out.

Id. A third message states, "Hi Samual, my name is Jonathan with JWS House Buyers. I'm looking for one more house to purchase. Have you thought of selling 1548 Galewood Cir? Reply STOP for opt-out." Id.

Plaintiff did not consent to receive any of Defendant's text messages. Id. ¶ 36. Plaintiff alleges that Defendant sought to acquire her property at a reduced price in exchange for Defendant's real estate services, such as moving assistance, inspections, appraisals, and title and escrow services. Id. ¶¶ 22–29. Plaintiff asserts that Defendant would later sell the property at an inflated price. Id. ¶ 30. In other words, Plaintiff claims that she would pay Defendant an "effective fee" for its ancillary services if she chose to sell her home to Defendant. Id. ¶ 31.

Based on these facts, Plaintiff brings two claims against Defendant. First, Plaintiff alleges that Defendant violated the TCPA by initiating a telephone solicitation to her number on the DNC Registry. Second, Plaintiff alleges that

Defendant failed to provide required identifying information in its messages. Defendant moves to dismiss both counts for failure to state a claim. Dkt. No. [9].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads factual content necessary for a court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). But this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Defendant moves to dismiss both counts of Plaintiff's Complaint, arguing that she failed to state a claim because the text messages it sent Plaintiff were not "telephone solicitations" under the TCPA. Dkt. No. [9] at 4–6. Plaintiff responds that she has adequately pled unlawful telephone solicitations at this stage. Dkt. No. [10] at 13–22. The Court agrees with Plaintiff.

The TCPA prohibits any person from initiating a telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the DNC Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). The statute defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," with limited exceptions. 47 U.S.C. § 227(a)(4).

Without any citations to case law, Defendant contends that the messages it sent Plaintiff were not solicitations because Defendant did not explicitly encourage Plaintiff to purchase anything; Defendant only inquired about making a purchase *from* Plaintiff. Dkt. No. [9] at 3–6. Although the circuit courts have not addressed this issue, the majority of district courts to face it have rejected this reasoning. See Eagle v. GVG Cap., LLC, No. 22-CV-00638-SRB, 2023 WL 1415615, at *3 (W.D. Mo. Jan. 31, 2023); Pepper v. GVG Cap. LLC, 677 F. Supp. 3d 638, 642 (S.D. Tex. 2023); Wilcox v. MarketPro S., Inc., No. SAG-23-2364, 2023 WL 8806696, at *3 (D. Md. Dec. 20, 2023); McMorrow v. Core Props., LLC,

4

No. 4:23-CV-00126-JAR, 2023 WL 8697795, at *5–12 (E.D. Mo. Dec. 15, 2023). But see Jance v. Homerun Offer LLC, No. CV-20-00482-TUC-JGZ, 2021 WL 3270318, at *4 (D. Ariz. July 30, 2021); Hunsinger v. Offer, LLC, No. 3:21-CV-2846-BH, 2022 WL 18143951, at *5–6 (N.D. Tex. Dec. 7, 2022), report and recommendation adopted, 2023 WL 122649 (N.D. Tex. Jan. 6, 2023).

Those district courts held that offers to purchase homes, like the messages Plaintiff received here, may be telephone solicitations.[1] For example, in Wilcox v. MarketPro South, Inc., the defendant homebuyer repeatedly texted the plaintiffs offers to buy the plaintiffs' homes. 2023 WL 8806696, at *1. The plaintiffs pled that those text messages were solicitations because the defendant sold its services for an "effective fee" by coupling its real estate services with home buying. Id. The court denied the defendant's motion to dismiss, reasoning that whether the plaintiffs could prove their claims turned on "the precise structure of" the defendant's business, which would be explored in discovery. Id. at *3–4. The Court finds the same logic persuasive here.

---

[1] In its Reply, Defendant takes issue with some cases cited by Plaintiff, arguing that those district courts extended the TCPA solicitation provision beyond its text "by requiring something other than the purpose of encouraging the purchase of services." Dkt. No. [11] at 5–6. For support, Defendant relies on Jance v. Homerun Offer LLC, 2021 WL 3270318, one of the district court cases to adopt Defendant's reasoning. Id. at 3. As discussed above, most district courts to consider Defendant's argument have found that allegations of implicit offers to purchase real estate services in connection with the sale of a home are sufficient to state a claim at this stage.

Plaintiff alleges that Defendant's text messages were implicit offers for Plaintiff to purchase real estate services associated with the sale of Plaintiff's home. Dkt. No. [1] ¶ 15. Specifically, Plaintiff claims that Defendant sought to purchase Plaintiff's home at a reduced fee, provide Plaintiff related real estate services, and then sell the home at an inflated price.[2] Id. ¶¶ 24–32. Like in Wilcox, whether the messages offering to purchase Plaintiff's home were TCPA-prohibited solicitations depends on details about Defendant's business, which are not available without discovery. 2023 WL 8806696, at *3–4; see also Less v. Quest Diagnostics Inc., 515 F. Supp. 3d 715, 717–18 (N.D. Ohio 2021) (listing questions necessary to determine whether calls met the TCPA definition of "telephone solicitation"). Taking Plaintiff's allegations as true, the Court cannot determine that Defendant's messages were not meant to encourage Plaintiff to purchase Defendant's services. See 47 U.S.C. § 227(a)(4). Therefore, Plaintiff's allegations are sufficient to state a claim at this stage.

Finally, Defendant contends that Plaintiff's claim for treble damages should be dismissed because Plaintiff failed to allege that Defendant's violations were willful or knowing. Dkt. No. [9] at 6. Striking Plaintiff's request for treble

---

[2] Plaintiff references provisions from Defendant's website in her Complaint, so Defendant asks the Court to consider additional statements from its website. Dkt. No. [11] at 4–5. Defendant argues that the additional statements conflict with Plaintiff's allegations and show that Defendant's messages were not solicitations. Id. Even assuming that the Court can properly consider Defendant's references to its website (included for the first time in its Reply Brief), they would create a question of fact that the Court cannot answer at this stage.

damages now would be premature. Plaintiff alleges that Defendant knew or should have known that her number was on the DNC Registry and that Defendant regularly disregards the DNC Registry and fails to obtain consumer consent before sending solicitations. Dkt. No. [1] ¶¶ 42–43. Taking Plaintiff's allegations as true, they are sufficient to support potential treble damages at this stage. See, e.g., Wijesinha v. Bluegreen Vacations Unlimited, Inc., No. 19-20073-CIV, 2019 WL 3409487, at *7–8 (S.D. Fla. Apr. 3, 2019) ("[I]t is unclear how a plaintiff could establish a defendant's actions were 'willful and knowing' as to justify treble damages, without first having access to discovery."); Bound v. Grand Bahama Cruise Line, LLC, No. 1:15-CV-02856-LMM, 2016 WL 10572262, at *3 (N.D. Ga. June 15, 2016). Later stages will determine whether such relief is appropriate. Thus, the Court declines to strike Plaintiff's claim for treble damages.

IV. **CONCLUSION**

In accordance with the foregoing, Defendant's Motion to Dismiss [9] is **DENIED**.

**IT IS SO ORDERED** this 18th day of July, 2024.

*/s/ Leigh Martin May*
**Leigh Martin May**
**United States District Judge**